EL PUEBLO, DEMANDANTE Y APELADO, *v.* SUÁREZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción de ordenanzas municipales.

No. 864.—Resuelto en noviembre 26, 1915.

ORDENANZAS MUNICIPALES — FACULTADES DE LOS MUNICIPIOS PARA DICTARLAS — BIENESTAR PÚBLICO—PENA.—Por la ley aprobada en 1906 para establecer un sistema de gobierno local y para otros fines secciones 25 y 26, según fueron enmendadas en 1907, 1910 y 1911, se faculta a los municipios para dictar ordenanzas que no estén en conflicto con las leyes de la isla, entre otras cosas, sobre materia concerniente al bienestar público y para imponer penas por las infracciones a ellas que no excedan de 50 pesos de multa o 15 días de cárcel, o ambas penas.

ASAMBLEA LEGISLATIVA—CORPORACIONES MUNICIPALES—DELEGACIÓN DE PODERES RESPECTO A ORDENANZAS—PENAS—DERECHO CONSTITUCIONAL.—La Legislatura puede delegar en las corporaciones municipales el poder de dictar ordenanzas respecto a ciertas cuestiones locales, las que tienen la fuerza de leyes aprobadas por la Legislatura del Estado, y deben ser respetadas, pudiendo también delegar la facultad de imponer penas por las infracciones a ellas, como medio de hacer que se cumplan, facultad que no es inconstitucional.

DENUNCIA—SUFICIENCIA DE LA DENUNCIA—DECLARACIÓN JURADA RESPECTO A LA NATURALEZA DEL DELITO Y CIRCUNSTANCIAS.—Una denuncia es suficiente, de acuerdo con las secciones 22 y 23 del Código de Enjuiciamiento Criminal,

según ha sido enmendado, cuando contiene una declaración jurada tan deta-
lladamente como sea posible de la naturaleza del delito y de las circunstancias
que hayan concurrido en su perpetración.

INFRACCIÓN DE ORDENANZAS MUNICIPALES—DENUNCIA—INSERCIÓN DE LA ORDE-
NANZA EN LA DENUNCIA—PROCEDIMIENTO INSTITUÍDO EN LA CORTE MUNICI-
PAL—CONOCIMIENTO JUDICIAL.—No es necesario en una denuncia por infrac-
ción de ordenanzas municipales que se inserte la ordenanza en todo o en
parte, ni aun su título ni fecha de aprobación, cuando el procedimiento. se
instituye en una corte municipal, porque la ordenanza es ley peculiar de
aquel *forum* y está la corte obligada a conocer de ella judicialmente, de
igual manera que ocurre con las cortes de distrito y las leyes de la Asamblea
Legislativa.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jacinto Texidor.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tri-
bunal.

En la denuncia que contra el apelante Jacinto Suárez se
presentó en la Corte Municipal de Río Piedras se le acusó
de infracción a las ordenanzas municipales porque siendo
representante y socio de la razón social Villamil Hermanos
con establecimiento de provisiones en el pueblo de Río Pie-
dras, maliciosa y voluntariamente tenía en dicho estableci-
miento 18 cajas de gasolina y 50 de gas, infringiendo así la
ordenanza municipal aprobada en 16 de abril de 1913 por
el Concejo Municipal de Río Piedras para tal caso prevista.

Juzgando el caso *de novo* la Corte de Distrito de San
Juan, Sección 2ª., en grado de apelación, dictó sentencia decla-
rando a Jacinto Suárez culpable del delito de infracción de
ordenanzas municipales y le impuso como pena el pagar cinco
dólares de multa y en defecto de pago a sufrir un día de cár-
cel por cada dollar de multa que dejare de pagar.

El apelante nos pide que revoquemos la sentencia de la
corte de distrito por él apelada, fundándose en que ésta come-
tió error al desestimar su excepción perentoria contra la de-
nuncia basada en que ésta es insuficiente porque no se ajusta
a los requisitos exigidos por los artículos 71, 72, y 73 del
Código de Enjuiciamiento Criminal por cuanto tratándose de

la infracción de una ordenanza municipal no expresa su título, ni la fecha de su aprobación, ni se copia la parte de ella que se dice infringida; y, además, porque los hechos que relata no son constitutivos de delito público por no hallarse penados por ninguna ley de carácter penal de las señaladas en el artículo 5º del Código Penal.

Alterando el orden en que han sido presentadas estas dos cuestiones, trataremos en primer término la segunda que niega a los municipios la facultad de imponer penas, ya que si en esto tiene razón el apelante sería innecesario considerar la otra cuestión, basada en defectos de la denuncia.

Si bien es cierto que según el artículo 5º. del Código Penal que se aprobó en el año 1902 ninguna persona será arrestada por crimen o delito alguno que no estuviese expresamente declarado en él, excepto por crímenes o delitos contra las leyes de los Estados Unidos aplicables en Puerto Rico, las decretadas por la Asamblea Legislativa de esta isla y por el Congreso de los Estados Unidos, para Puerto Rico, y que la infracción de que se acusa al apelante no se halla comprendida en esas leyes, también es verdad que la Asamblea Legislativa de Puerto Rico aprobó posteriormente la ley del año 1906 para establecer un sistema de gobierno local y para otros fines por cuyas secciones 25 y 26 según fueron enmendadas en 1907, 1910 y 1911, facultó a los municipios para aprobar ordenanzas que no estuvieran en conflicto con las leyes de la isla, entre otras cosas, sobre materia concerniente al bienestar público y para imponer penas por las infracciones a ellas, que no excediesen de cincuenta pesos de multa o quince días de arresto en cárcel o con ambas penas.

Esto no lo ignora el apelante pero sostiene que la Asamblea Legislativa de Puerto Rico no puede delegar en los municipios su facultad de declarar cuáles son los delitos y sus penas. Sin embargo, tal facultad de delegar ha sido reconocida unánimemente por los tribunales por ser singularmente consistente con la doctrina democrática de la auto-

nomía. 28 Cyc., 693; 8 Cyc., 866; 2 Dillon's Municipal Corporations, par. 573, quinta edición y casos citados en su nota.

Es indudable que la legislatura puede delegar en las corporaciones municipales el poder de dictar ordenanzas con respecto a ciertas cuestiones locales, las que tienen la fuerza de leyes aprobadas por la Legislatura del Estado y deben ser respetadas, *New Orleans Water Works* v. *New Orleans,* 164 U. S., 481; y siendo esto así, pueden también delegar la facultad de imponer penas por las infracciones a ellas como medio de hacer que se cumplan. En varios casos se ha resuelto que esa facultad concedida a los municipios no es inconstitucional. *State* v. *Tryon,* 39 Conn., 18 y *State* v. *Carpenter,* 60 Conn., 97, 22 Atlantic Reporter, 497.

En cuanto a la otra cuestión, no hay que olvidar que se trata de una denuncia que es suficiente de acuerdo con las secciones 22 y 23 del Código de Enjuiciamiento Criminal, según ha sido enmendado, cuando contiene una declaración jurada tan detalladamente como sea posible de la naturaleza del delito y de las circunstancias que hayan concurrido en su perpetración.

En la denuncia que inició este procedimiento se alega que el apelante tiene en su establecimiento mercantil cierto número de cajas de gasolina y de gas en contravención a una ordenanza municipal aprobada en 16 de abril de 1913 por el Concejo Municipal de Río Piedras, palabras que son suficientes para informarle del hecho por el cual se le denunciaba, sin que fuera necesario que se insertara la ordenanza en todo o en parte ni aun su título ni fecha de aprobación porque estando instituído el procedimiento en una corte municipal para hacer cumplir una ordenanza municipal, que es ley peculiar de aquel *forum,* está la corte obligada a conocer la ordenanza, de igual manera que ocurre con las cortes de distrito y las leyes de la Asamblea Legislativa. *Ex parte Davis,* 115 Cal.,445.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no intervino.