LANGE, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en recurso de *habeas corpus.*

No. 1087.—Resuelto en febrero 24, 1917.

ACOMETIMIENTO Y ACOMETIMIENTO Y AGRESIÓN—ORIGEN DE LA LEY SOBRE ACOMETIMIENTO Y AGRESIÓN.—Las secciones 1 a la 8 inclusive de la Ley de 10 de marzo de 1904 para determinar y castigar acometimiento, acometimiento y agresión, acometimiento con circunstancias agravantes, y acometimiento y agresión con circunstancias agravantes, y para derogar la sección 237 del Código Penal, han sido copiadas literalmente de las secciones 587, 593, 594, 595, 601, 602 y 603 del Código Penal de Texas, con excepción de algunos cambios insignificantes.

ID.—CIRCUNSTANCIAS AGRAVANTES—GRADOS DEL DELITO—INTERPRETACIÓN DE ESTATUTOS PENALES—INTENCIÓN DEL LEGISLADOR.—En la Ley de acometimiento y acometimiento y agresión de 10 de marzo de 1904, no se ha tratado de establecer un delito distinto por separado con la mera enumeración en su sección 6.ª de las circunstancias agravantes y de la imposición de castigo mayor en su sección 8.ª por razón de las mismas, y la dicha sección 6.ª se refiere tanto al acometimiento como al acometimiento y agresión, pues demuestra la historia, contexto y propósito claramente expresado de la ley, que la legislatura, al prescribir que el "acometimiento y agresión" será considerado con circunstancias agravantes en los casos que menciona, quiso decir "acometimiento o agresión"; interpretación que está en completa armonía con el espíritu y texto de los artículos 3 y 359 apartado 14 del Código Penal y no violenta el verdadero principio de interpretación riguroso como ha sido considerado y aplicado por las mejores autoridades modernas que "sólo reconocen una regla como absolutamente invariable, o sea que debe descubrirse y hacerse cumplir la verdadera intención y deseo del poder legislativo."

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Feliú & Alemañy.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El apelante fué procesado por un delito de atentado a la vida, habiendo sido confirmada en apelación la sentencia que le declaró culpable de un delito de acometimiento con circunstancias agravantes (*El Pueblo* v. *Lange,* 24 D. P. R. 226).

La presente apelación se interpone contra una sentencia que declara sin lugar una solicitud de *habeas corpus*.

Varios son los errores que se alega fueron cometidos, todos los cuales se basan en la simple proposición que trata el apelante de establecer en su alegato, o sea, que no existe el delito de acometimiento grave en Puerto Rico.

La sección 237 del Código Penal, como fué aprobado en el año 1902, que fija un castigo para el acometimiento con arma mortífera, fué derogado en 1904 por una Ley titulada "Ley para determinar y castigar acometimiento, acometimiento y agresión, acometimiento con circunstancias agravantes, y acometimiento y agresión con circunstancias agravantes, y para derogar la sección 237 del Código Penal." Con excepción de pocos cambios insignificantes, como por ejemplo, la sustitución de la palabra "tribunal" por "jurado" en la sección 7ª., y el uso al parecer inadvertido de la palabra "y" en vez de "o" en la sección 6ª. que enumera las circunstancias bajo las cuales (bastardilla nuestra) "un acometimiento *y* agresión será considerado con circunstancias agravantes," las secciones 1ª. a la 8ª. inclusive de esta última ley han sido copiadas literalmente de las secciones 587, 593, 594, 595, 601, 602 y 603 del Código Penal de Texas.

La sección 8, en armonía con el objeto de la ley, que claramente aparece expresado en su título, prescribe de modo expreso el castigo para el acometimiento grave que evidentemente se diferencia en dicha sección del acometimiento y agresión con circunstancias agravantes. Los párrafos 1, 6 y 7 de la sección 6 sin hacer mención alguna respecto a agresión, hablan de la "persona agredida," y el párrafo 6 emplea la forma disyuntiva al hacer referencia al acometimiento o agresión con foete, azote o bastón. La sección 1ª. define específicamente y establece cuidadosamente la diferencia que existe entre un acometimiento y un acometimiento y agresión. La sección 5 establece concienzudamente la misma distinción al determinar el castigo para el acometimiento simple, o para el acometimiento y agresión que no aparejen circunstancias

agravantes.   La sección 6ª. no establece un nuevo delito.   No pretende tampoco dicha sección convertir los *misdemeanors* ya definidos en delitos graves (*felonies*).   Simplemente enumera las varias circunstancias que una vez que su existencia ha sido debidamente alegada y demostrada pueden justificar al juez sentenciador en imponer la pena severa que prescribe la sección 8.   El artículo 596 del Código de Texas, teniendo un cuidado tal que al parecer es innecesario, determina que "la palabra 'agresión' se emplea en este código en el mismo sentido que 'acometimiento y agresión'," y el artículo 601 prescribe (bastardilla nuestra) que "un acometimiento *o* agresión" se convierte en grave cuando se comete bajo ciertas determinadas circunstancias; lo que creemos que fué lo que nuestra legislatura quiso claramente expresar al decir (sección 6 de la ley de 1904, bastardilla nuestra) que "el acometimiento *y* agresión será considerado con circunstancias agravantes cuando se comete bajo idénticas circunstancias."   Sutherland sobre Interpretación Estatutoria, página 330, párrafo 252.   A la verdad que de considerar de algún modo el contexto y propósito de la ley como ha sido expresada por su título no parece razonable ninguna otra interpretación.   Además, es un hecho significativo que por más de una década nadie ha sugerido una interpretación diferente y al parecer jamás se ocurrió la idea ni siquiera al peticionario hasta después que su sentencia condenatoria había sido confirmada por este tribunal en su primera apelación.

Estamos sinceramente de acuerdo con la teoría del apelante de que no debe quedar convicto ningún hombre por un delito que no esté claramente definido o castigado por el Código Penal, y que jamás debe forzarse el texto de este último mediante interpretación al efecto de que quede comprendido en él ningún delito que la legislatura claramente no haya tenido presente.   Las decisiones anteriores de este tribunal hablan por sí, en lenguaje que no ofrece duda sobre la materia y no es nuestra intención el apartarnos en lo más mínimo de la doctrina ya establecida en relación con el particular.   Pero

éste es un caso extremo que equivale a una excepción y que solamente sirve para reforzar la regla general, la cual, al igual que todas las demás garantías que la ley en su sabiduría ha establecido para protección de los derechos de los hombres nunca debe ser llevada más allá de los límites de la razón y del sentido común para contrarrestar el propósito inequívoco y significación de la ley. Tanto el acometimiento como el acometimiento y agresión, como ya hemos indicado, han sido claramente definidos y penados y como ya también se ha dicho, no se ha tratado de establecer un delito distinto por separado con la mera enumeración de las circunstancias que vienen a ser agravantes de estos *misdemeanors,* en unión del precepto relativo a la imposición de un castigo algo más fuerte por razón de dichas circunstancias agravantes. Ya este tribunal ha resuelto que no es necesario que en una sentencia se especifique el grado del delito, en casos de acometimiento y agresión, si el delito aparece de la acusación y de la prueba. *El Pueblo* v. *Benítez,* 23 D. P. R. 339. Véase también la Ley Criminal de Wharton, (11ª. Edición), Tomo II, página 1051, párrafo 838; 5 C. J. 728, párrafo 196; 3, Nuevo Procedimiento Criminal de Bishop, (2ª. Edición), página 1261, párrafo 63.

Nos dice nuestro Código Penal en su primera página, que todas sus disposiciones y artículos ''deberán interpretarse según el recto sentido de sus términos a fin de que llene su objeto y facilite la administración de justicia.'' Y entre sus disposiciones finales y después de pasar a enumerar ciertas palabras que han de tener la significación que se les da en dicho código ''a no ser que otra cosa resultare del contexto,'' vemos que se ha decretado como regla imperativa para la interpretación de estatutos penales, el bien conocido principio general de que ''las palabras y frases se interpretarán según el contexto y el significado sancionado por el uso común y corriente.''

De modo pues que en previsión precisamente de cuestiones como la que ahora consideramos es que el Código ha querido ser su propio intérprete, y aunque el lenguaje citado resuelve la alegación hecha por el apelante en este caso, no violenta

mucho el verdadero principio de una interpretación rigurosa como ha sido considerado y aplicado por las mejores autoridades modernas que ''sólo reconocen una regla como absolutamente invariable, o sea, que debe descubrirse y hacerse cumplir la verdadera intención y deseo del poder legislativo.'' Black sobre interpretación de Leyes, (2ª Edición), prefacio y páginas 228-230, 447-450.

La sentencia apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.