EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
MARÍA MATOS, acusada y apelante.

No. 2838.—*Visto:* Julio 19, 1926. *Resuelto:* Julio 21, 1926.

1. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO
   —DE LA ACUSACIÓN O DENUNCIA — SUFICIENCIA DE LA MISMA — ACOMETI-
   MIENTO CON AGRAVANTES.—La alegación en denuncia por delito de acometi-
   miento con agravantes, que el acusado con intención criminal de causar grave
   daño corporal a la persona de XX le acometió con un revólver haciéndole
   un disparo, imputa un acometimiento criminal.
2. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—DELITOS—ACOMETI-
   MIENTO DE CARÁCTER GRAVE.—Un acometimiento cometido en alguna de las
   circunstancias a que se refiere la sección 6 de la ley de marzo 10, 1904, es
   necesariamente un acometimiento de carácter grave.

SENTENCIA de *Roberto H. Todd, Jr.,* J. (Ponce), condenando a la acu-
   sada por delito de acometimiento con circunstancias agravantes.
   *Confirmada.*

*Leopoldo Tormes,* abogado de la apelante; *José E. Figueras,* abo-
   gado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
   bunal.

Esta apelación ataca principalmente la denuncia, cuya
parte principal dice así:

"Yo, Manuel González, P. I. No. 175, vecino de Ponce, P. R.,
calle de Isabel, número 41, mayor de edad, formulo denuncia con-
tra María Matos, por delito de Acometimiento con agravantes, co-
metido de la manera siguiente: Que en 16 de octubre, 7 P. M. de
1925, y en calle Las Casas de Ponce, P. R., que forma parte del dis-
trito judicial de Ponce, P. R., la acusada María Matos, allí y enton-
ces, voluntaria, ilegal, maliciosamente y con la intención criminal de
causar grave daño corporal a la persona de Enrique Vargas, le aco-
metió con un revólver, calibre 38, haciéndole un disparo, pero sin
lograr herirlo."

[1] La apelante al citar el caso de *El Pueblo* v. *Suárez,*
23 D.P.R. 243, dice que las alegaciones de la denuncia no

son suficientes para demostrar un acometimiento hacia o sobre una persona; que el decir que un acusado acometió con un revólver, haciéndole un disparo a otra persona no constituye tal acometimiento. Es evidente que en la forma en que está redactada la denuncia imputa un acometimiento criminal.

[2] La apelante sostiene que en la Ley de 10 de marzo de 1904 no se define ningún delito de acometimiento grave, de que se declaró culpable al acusado. La ley define el delito de acometimiento y agresión y substancialmente dice que un acometimiento es la tentativa de cometer una agresión, queriendo decir con esto lo que se definió primeramente como "acometimiento y agresión." Entonces en otra sección la ley dice que un acometimiento y agresión será considerado de carácter grave cuando se comete bajo ciertas circunstancias. Necesariamente un acometimiento cometido en esas circunstancias, es un acometimiento de carácter grave. Este punto se aclara más en la sección que fija la pena, la que dice así:

"Sección 8.—La pena correspondiente al delito de acometimiento de carácter grave o al de acometimiento y agresión de la misma naturaleza, consistirá en multa que no bajará de $50 ni excederá de $1,000, o de prisión en cárcel que no bajará de un mes ni excederá de dos años, o ambas penas, multa y prisión."

No podemos resolver que la corte inferior cometió error al imponer una pena de seis meses de cárcel por este delito de acometimiento con un arma peligrosa.

*La sentencia debe ser confirmada.*