El Pueblo de Puerto Rico, demandante y apelado, *v.* Oscar Serrano, acusado y apelante. El Mismo v. El Mismo.

Nos. 5240 y 5241.—*Sometidos:* Diciembre 7, 1933. *Resueltos:* Diciembre 15, 1933.

*Luis A. Castro,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

El Policía Insular Angel Borrero formuló denuncia contra Oscar Serrano imputándole la comisión de un delito de acometimiento grave consistente en haber acometido con intención de causarle daño corporal a Francisco Iturrondo haciéndole un disparo de revólver sin lograr herirlo. También formuló denuncia contra el propio Serrano imputándole la comisión de un delito de portar armas prohibidas. Ambos actos delictivos se realizaron en Santurce, San Juan, en abril 21, 1933.

Tramitados los procesos llegaron a la corte de distrito a virtud de apelaciones interpuestas por el acusado. Se practicó la prueba en el de acometimiento y se estipuló por las partes que sirviera de base para el de portar armas. Aprobada la estipulación, la corte declaró culpable al acusado en ambas causas y lo condenó a sufrir seis meses de cárcel por acometimiento grave y dos por portar un revólver, arma prohibida.

Recurrió Serrano para ante esta Corte Suprema y en un alegato común a los dos recursos sostiene que la corte erró al apreciar la prueba y al partir de la base de la existencia del delito de acometimiento grave.

Hemos examinado la evidencia practicada y es a nuestro juicio suficiente en ambos casos. No fué cometido el primer error.

Tampoco el segundo. De acuerdo con la ley existe

el delito de acometimiento grave, "y que este delito existe," se dijo en el caso de *El Pueblo* v. *Méndez,* 39 D.P.R. 653, 655,—

"fué resuelto claramente desde 1917 en que la cuestión fué suscitada en este tribunal en el caso de Lange v. El Pueblo, 24 D.P.R. 854.

"La jurisprudencia quedó establecida así:

" 'Las secciones 1 a la 8 inclusive de la Ley de 10 de marzo de 1904 para determinar y castigar acometimiento, acometimiento y agresión, acometimiento con circunstancias agravantes, y acometimiento y agresión con circunstancias agravantes y para derogar la sección 237 del Código Penal, han sido copiadas literalmente de las secciones 587, 593, 594, 595, 601, 602 y 603 del Código Penal de Texas, con excepción de algunos cambios insignificantes.

" 'En la Ley de acometimiento y acometimiento y agresión de 10 de marzo de 1904 no se ha tratado de establecer un delito distinto por separado con la mera enumeración en su sección 6ª de las circunstancias agravantes y de la imposición de castigo mayor tanto al acometimiento como al acometimiento y agresión, pues demuestra la historia, contexto y propósito claramente expresado de la ley, que la legislatura, al prescribir que el "acometimiento y agresión" será considerado con circunstancias agravantes en los casos que menciona, quiso decir "acometimiento o agresión;" interpretación que está en completa armonía con el espíritu y texto de los artículos 3 y 359 apartado 14 del Código Penal y no violenta el verdadero principio de interpretación rigurosa como ha sido considerado y aplicado por las mejores autoridades modernas que "sólo reconocen una regla como absolutamente invariable, o sea que debe descubrirse y hacerse cumplir la verdadera intención y deseo del poder legislativo." ' "

Y en el caso de *El Pueblo* v. *Matos,* 35 D.P.R. 859, se resolvió:

"La apelante al citar el caso de El Pueblo v. Suárez 23 D.P.R. 243, dice que las alegaciones de la denuncia no son suficientes para demostrar un acometimiento hacia o sobre una persona; que el decir que un acusado acometió con un revólver, haciéndole un disparo a otra persona no constituye tal acometimiento. Es evidente que en la forma en que está redactada la denuncia imputa un acometimiento criminal.

"La apelante sostiene que en la Ley de 10 de marzo de 1904 no se define ningún delito de acometimiento grave, de que se de-

claró culpable al acusado. La ley define el delito de acometimiento y agresión y substancialmente dice que un acometimiento es la tentativa de cometer una agresión, queriendo decir con esto lo que se definió primeramente como 'acometimiento y agresión.' Entonces en otra sección la ley dice que un acometimiento y agresión será considerado de carácter grave cuando se comete bajo ciertas circunstancias. Necesariamente un acometimiento cometido en esas circunstancias, es un acometimiento de carácter grave. Este punto se aclara más en la sección que fija la pena, la que dice así:

" 'Sección 8.—La pena correspondiente al delito de acometimiento de carácter grave o al de acometimiento y agresión de la misma naturaleza, consistirá en multa que no bajará de $50 ni excederá de $1,000 o de prisión en cárcel que no bajará de un mes ni excederá de dos años, o ambas penas, multa y prisión.'

"No podemos resolver que la corte inferior cometió error al imponer una pena de seis meses de cárcel por este delito de acometimiento con un arma peligrosa."

*Deben confirmarse las sentencias apeladas.*