El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Solís Sariego, acusado y apelante.

Núm. 8045.—*Sometido:* Marzo 7, 1940. *Resuelto:* Marzo 8, 1940.

*Antonio L. López,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Éste es uno de tantos casos ilustrativos de la necesidad de restringir la jurisdicción apelativa de este Tribunal. Se trata de una denuncia por infracción a una ordenanza municipal, en cuyo caso el acusado tuvo su día en corte, en la de Paz de Caguas, primero, y en grado de apelación en la de Distrito de Humacao, que lo sentenció a pagar una multa de $10 y las costas.

Se imputó al acusado, dueño de un establecimiento de panadería, haber permitido que el frente y los alrededores de su establecimiento, ubicado en una de las calles de la ciudad, estuviesen sucios con papeles y otros desperdicios. La evidencia, sin lugar a dudas, demuestra que son ciertas las alegaciones de la denuncia y así lo admite expresamente

el propio acusado en su declaración, pero trata de exculparse asegurando que un vecino vierte aguas sucias en los alrededores de su establecimiento, establecimiento que se halla bajo el control de William Pillot, empleado de confianza del acusado, quien lo administra y atiende.

Si el acusado, según admitió, es el dueño del establecimiento a que se refiere la denuncia, el hecho de que haya confiado su administración a otra persona no constituye una defensa al no cumplirse en el establecimiento con las disposiciones de la ordenanza, pues los actos del empleado dentro del círculo de sus atribuciones son los actos del principal. *Qui facit per alium facit per se.*

■■ En el acto del juicio en la corte de distrito el fiscal presentó en evidencia y admitió el Tribunal con la oposición del acusado, una copia certificada de la ordenanza que se alega infringida, de la cual no aparece que dicha ordenanza hubiera sido aprobada por el Alcalde ni consta tampoco la cláusula inicial de la misma.

Se ha resuelto repetidamente por este tribunal que las cortes de paz y municipales con jurisdicción sobre infracciones a las ordenanzas del municipio donde se origina el caso, y la del correspondiente distrito y este tribunal en apelación, toman conocimiento judicial de dichas ordenanzas, incumbiendo al acusado el peso de la prueba cuando impugna su validez. A este efecto se dijo por este Tribunal, por voz de su Juez Asociado Sr. Aldrey:

"En la denuncia que inició este procedimiento se alega que el apelante tiene en su establecimiento mercantil cierto número de cajas de gasolina y de gas en contravención a una ordenanza municipal aprobada en 16 de abril de 1913 por el Consejo Municipal de Río Piedras, palabras que son suficientes para informarle del hecho por el cual se le denunciaba, sin que fuera necesario que se insertara la ordenanza en todo o en parte ni aun su título ni fecha de aprobación, porque estando instituído el procedimiento en una corte municipal para hacer cumplir una ordenanza municipal, que es ley peculiar de aquel *forum,* está la corte obligada a conocer la ordenanza,

de igual manera que ocurre con las cortes de distrito y las leyes de la Asamblea Legislativa. *Ex parte Davis,* 115 Cal. 445." *Pueblo* v. *Suárez,* 23 D.P.R. 243, 246.

Véanse al mismo efecto *Pueblo* v. *Nochera,* 23 D.P.R. 605, 608, y *Pueblo* v. *Garzot,* 24 D.P.R. 231, 232.

Alega también el acusado que la ordenanza infringida ha sido derogada por otra posterior. Esta última aparece de los autos y ni deroga expresamente la ordenanza en controversia, ni contiene disposición alguna incompatible con las de aquélla, pudiendo ambas subsistir sin conflicto alguno.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*