El Pueblo de Puerto Rico, demandante y apelado, *v.* Domingo Sanjurjo, acusado y apelante.

Núm. 8701.—*Sometido:* Mayo 8, 1941. *Resuelto:* Mayo 20, 1941.

*Luis F. Camacho* y *José C. Aponte,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La Ley núm. 255 de 1938 (Leyes de ese año, pág. 498), cuyo propósito es fijar un precio mínimo y máximo al café y para otros fines, en su sección 6 autoriza al Comisionado de Agricultura y Comercio a dictar reglas y reglamentos necesarios para su ejecución, que "tendrán fuerza de ley después de su publicación en dos periódicos de circulación general en Puerto Rico." En uso de esa facultad, el 5 de agosto de 1939 el Comisionado de Agricultura y Comercio dictó el correspondiente reglamento, cuya sección 10, bajo la regla 3a., prescribe que todo traficante o comprador de café de Puerto Rico deberá, a requerimiento escrito del comisionado o sus representantes autorizados, suministrar información y archivar los datos que dicho funcionario estime convenientes para la aplicación de la referida ley.

El 23 de diciembre de 1940 el apelante fué convicto y sentenciado a pagar $25 de multa por infringir la citada sección 10 del reglamento, al dejar de suministrar al comisionado cierta información que le fué solicitada el 9 de enero de 1940 en relación con 169½ libras de café que le fueron embargadas y de cuya existencia no tenía conocimiento el departamento.

■ Fundamentando el presente recurso, sostiene el apelante que erró la corte inferior al admitir en evidencia el citado reglamento sin que se hubiera demostrado que estaba en vigor, no obstante la enmienda de que fué objeto la sección 6, supra, de la ley de 1938 a virtud de la ley núm. 112 de 1940 (Leyes de ese año, pág. 695). Los tribunales de justicia tienen conocimiento judicial de "todo lo que estuviere establecido por la ley", así como de "los actos oficiales de los departamentos legislativo, ejecutivo y judicial de Puerto Rico y de los Estados Unidos," (Ley de Evidencia, art. 398) y por consiguiente no era necesario para que el reglamento fuese admitido en evidencia, probar los efectos de una ley de la cual tenía conocimiento judicial el tribunal inferior.

■ Penetrando en el fondo de la cuestión, no comprendemos cómo pueda sostenerse que la enmienda de que fué objeto el citado artículo de la ley de 1938 pueda haber tenido el efecto de derogar el reglamento en cuestión. El artículo 6, según fué enmendado por la ley de 1940, sólo difiere del original en que dispone que los reglamentos que se autoriza al comisionado para dictar, tendrán fuerza de ley, no inmediatamente después de su publicación en dos periódicos de circulación general como prescribía la ley de 1938, sino cinco días después de dicha publicación. Ninguna disposición hallamos en la ley de 1940 que expresa o implícitamente indique el propósito de derogar dicho reglamento. Por el contrario, la citada ley, al enmendar la sección 7 de la de 1938, expresamente reconoce su vigencia al prescribir:

"Cualquier persona que infringiere las disposiciones de la presente ley o de las reglas, *reglamentos* y proclamas *promulgados,* o

que se promulgaren en el futuro, en virtud de la misma, será responsable de delito menos grave (*misdemeanor.*) . . ."

La enmienda de 1940, al prescribir que el reglamento no tendrá fuerza de ley hasta cinco días después de su publicación, se refiere al que pudiera dictarse a virtud de dicha ley, pero mientras el Comisionado de Agricultura y Comercio no estime conveniente enmendar el que dictó a virtud de la ley de 1938, o dictar otro bajo la ley vigente que derogue el anterior, continuará aquél en vigor tal y como fué promulgado, y cualquier infracción del mismo constituirá *misdemeanor* y se castigará de acuerdo con lo prescrito en la sección 7 según fué enmendada por la ley de 1940.

Alega el apelante que el reglamento no era admisible en evidencia por no haberse probado su publicación en dos periódicos de circulación general. Concedemos que el reglamento cuya infracción se alega sería nulo si no se hubiera publicado en dos periódicos de circulación general de la Isla de Puerto Rico; pero la prueba de ese defecto incumbía al apelante y no lo probó. "Se presume que la ley ha sido acatada", prescribe el artículo 102 de la Ley de Evidencia, y de ahí que tratándose de reglamentos aprobados por funcionarios o juntas del gobierno, así como de ordenanzas municipales, se presuma que los requisitos previos exigidos por la ley para su validez han sido fielmente cumplidos. Al que alegue lo contrario incumbe probarlo afirmativamente. 20 Am. Jur. 176; *Ingelson* v. *Olson,* 272 N.W. 270; *Pueblo* v. *Solís,* 56 D.P.R. 284. Existiendo como existía la indicada presunción, no estaba obligado el fiscal a presentar prueba de la publicación del reglamento.

La contestación dada por el apelante al comisionado, al efecto de que él no sabía a quién había comprado el café, porque había tenido varios empleados que ya no estaban a su servicio, no es excusa para dejar de cumplir con las prescripciones del reglamento. La obligación de suministrar los informes se impone al traficante o comprador de café, y no a sus empleados, y siendo el acusado el dueño del negocio,

venía obligado a conducirlo en condiciones tales que le permitiesen cumplir todos los deberes impuéstosle por la ley.

Por último, queremos agregar que si bien de la transcripción de evidencia resulta que la carta en que se requería al acusado para que suministrase la información a que se ha hecho referencia fué redactada por el Inspector de Ventas de Café, Francisco Jiménez, sin embargo, aparece también del *exhibit* 3 del fiscal que dicha carta fué suscrita por el Subcomisionado de Agricultura y Comercio, Sr. Roberto Castellón, funcionario legalmente autorizado para solicitar dicha información.

*Por las razones expuestas, procede la confirmación de la sentencia.*