El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael García Hidalgo, acusado y apelante.

Núm. 9740.—*Sometido:* Febrero 16, 1943. *Resuelto:* Marzo 25, 1943.

*Gustavo Cruzado Silva,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

 Alega el apelante en este recurso que la Corte de Distrito de San Juan erró al admitir en evidencia la Orden Final aprobada por la Comisión de Servicio Público el 4 de enero de 1938, según certificación expedida por su secretario el 19 de octubre de 1939, por el hecho de que según la denuncia el delito imputado al acusado de infringir dicha orden lo cometió el 19 de agosto de 1941, y que, por tanto, no se probó que la ameritada orden final estuviera en vigor en la fecha últimamente mencionada. Asimismo alega que erró dicha corte al apreciar la prueba y declarar culpable al acusado.

La resolución y orden final de la Comisión de Servicio Público fué aprobada por dicho organismo el 4 de enero de 1938 y por el Gobernador de Puerto Rico el día 7 del mismo mes y año. Tiene fuerza de ley. El hecho de que la certificación del secretario del referido organismo se expidiera en el año 1939 no la hacía inadmisible como prueba. La presunción es que dicha orden final continuaba en vigor en el año 1941, salvo prueba en contrario (Artículo 464 del Código de Enjuiciamiento Civil, inciso 31, artículo 102 Ley de Evidencia). Es más, en el caso de *El Pueblo* v. *Sanjurjo,* 58 D.P.R. 649 resolvimos, según aparece del sumario, que: "Reglamentos con fuerza de ley dictados por funcionarios del gobierno, son admisibles en evidencia sin necesidad de probar que están en vigor."

La prueba presentada por las partes fué contradictoria y la corte inferior resolvió el conflicto dando crédito a la de cargo. Hemos leído la transcripción de evidencia y somos de opinión que tampoco se cometió el segundo error.

*Debe confirmarse la sentencia apelada.*