EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JORGE SURO PICÓ, acusado y apelante.

Núms. 13143 y 13144.   *Sometidos:* Noviembre 1, 1948.   *Resueltos:* Noviembre 26, 1948.

*R. Hernández Matos*, abogado del apelante; *Hon. Procurador General Luis Negrón Fernández (José C. Aponte*, como *Procurador General Interino*, en el alegato) y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El apelante fué acusado ante la corte municipal de explotar una farmacia en Coamo durante los años 1945–46 y 1946–47 sin estar provisto de los correspondientes certificados para ello, en supuesta violación de la Ley núm. 26, Leyes de Puerto Rico, 1914 (pág. 181). Se le declaró culpable y sentenciado a pagar una multa de $25 en cada caso. Apeló para ante la corte de distrito en donde se le volvió a declarar culpable y multado en $50 en cada caso.

El primer señalamiento es que la corte inferior cometió error al no resolver que las ordenanzas municipales de Coamo que fijaban las patentes para 1945–46 y 1946–47 nunca entraron en vigor porque las mismas jamás fueron publicadas. El Fiscal de este Tribunal arguye que en este caso dichas ordenanzas no están envueltas y que los delitos imputados al apelante constituyen infracciones a la sección 12 de la Ley núm. 26, independientemente de las referidas ordenanzas.

La sección 1 de la Ley núm. 26 autoriza a los concejos municipales a imponer y cobrar patentes a las personas que explotan ciertos negocios. La sección 12 prescribe como sigue:

"Toda persona, sociedad, asociación, corporación u otra forma cualquiera de organización, comercial o industrial, que emprendiere negocios sin el certificado correspondiente expedido por el tesorero del municipio, o que dejare de satisfacer el importe de la contribución impuesta de acuerdo con esta Ley dentro de los primeros quince días de cada trimestre se considerará culpable de delito menos grave

o incurrirá en una multa máxima de cincuenta dólares, *según se provea por los concejos municipales en sus ordenanzas.*" (Bastardillas nuestras).

El Fiscal alega que la sección 12 establece dos delitos distintos: (1) la explotación de un negocio sin tener un certificado y (2) no haber pagado la patente. · Su contención es que se puede procesar a una persona por operar un establecimiento sin certificado, independientemente de si ha pagado o no la patente. Y, según alega, la propia sección 12 fija una pena específica por operar sin certificado, por lo que es innecesario que examinemos las ordenanzas o determinemos su validez.

■ Es cierto que la sección 12 dispone que la explotación sin certificado es un delito. Pero el certificado no es nada más que el recibo del pago de la patente. Secciones 9, 16 de la Ley núm. 26. Por consiguiente, parece obvio que a nadie se le puede acusar de no tener un recibo por el pago de una patente, si la propia patente no se debe.

■■ Si bien El Pueblo afirma que la sección 12 por sí sola, sin la ayuda de una ordenanza municipal que la implemente, exige un certificado, no controvierte el hecho de que las secciones 1 y 12 de la Ley núm. 26 solamente autorizan una patente. Por tanto, debemos referirnos a la ordenanza municipal específica para determinar si la patente ha sido de hecho impuesta, tal como se autorizó, y si la ordenanza imponiéndola fué válidamente aprobada.

Pasamos en su consecuencia a las ordenanzas en cuestión. Alega el acusado que las ordenanzas municipales de Coamo para 1945–46 y 1946–47 que imponían las patentes aquí envueltas, nunca entraron en vigor porque nunca se publicaron, a tenor con el requisito de los artículos 74 y 76 de la Ley Municipal, Ley núm. 53, Leyes de Puerto Rico, 1928 (pág. 335), que disponen que las ordenanzas que tengan sanciones penales deberán publicarse en uno o más periódicos de la Isla antes de que puedan entrar en vigor. Véanse 2

McQuillin *on Municipal Corporations*, 2da. ed., Revisada, sec. 734, pág. 808 *et seq.; Pueblo* v. *Sanjurjo,* 58 D.P.R. 649, 652.

El Fiscal alega que no es necesario que vayamos a las ordenanzas en busca de sanciones penales, ya que éstas se encuentran en las secciones 12 y 18 de la Ley núm. 26.([1]) En apoyo de su contención, cita el hecho de que las ordenanzas disponen que las infracciones serán castigadas de conformidad con la Ley de Patentes.

Sin embargo, no interpretamos las secciones 12 y 18 como que establecen penalidades independientemente de las ordenanzas municipales. Estas secciones tienen por miras las ordenanzas municipales que (1) puedan imponer patentes y (2) puedan castigar al dejar de pagar y operar el negocio sin el recibo acreditativo del pago. Las secciones 12 y 18 fijan un límite de $50 de multa a la penalidad que pueda ser establecida por las ordenanzas. Pero dichas secciones no funcionan por sí solas. Ni fijan patentes ni penalidades. Por el contrario, autorizan a los concejos municipales a aprobar ordenanzas que establezcan patentes, con o sin penalidades. La autorización para establecer penalidades está limitada: las ordenanzas no podrán fijar una multa máxima sobre $50. Pero la ley que confiere tal autoridad no fija la penalidad. Todavía se necesita una ordenanza municipal que implemente la ley a tal fin.

En este estado de la ley, la disposición de las ordenanzas aquí envueltas al efecto de que las infracciones serán castigadas de conformidad con la Ley de Patentes no tiene efecto legal alguno, porque la última, como hemos visto, no fija penalidades para dichas infracciones. El resultado es que las ordenanzas que se impugnan no tienen sanciones pe-

---

([1])La sección 18 prescribe en parte así: ''Los concejos municipales prescribirán, por ordenanzas, la reglamentación adicional para la ejecución de esta Ley, que a ella no se opusiere, y establecerán las penalidades por infracciones de la ley, y para las infracciones de dichas ordenanzas, pero sin que excedan, tratándose de multas, de la cantidad de cincuenta (50) dólares.''

nales. Por tanto, no era necesario publicarlas a tenor con los artículos 74 y 76 de la Ley Municipal.

█ Lo que hemos dicho nada tiene que ver con la responsabilidad civil por estas patentes. Pero en vista de la ausencia de sanciones penales, el acusado fué indebidamente convicto de los delitos aquí envueltos.

El resultado a que hemos llegado hace innecesario que discutamos los demás errores señalados por el apelante.

*Las sentencias de la corte de distrito serán revocadas y se dictarán sentencias absolviendo al acusado.*